Steven C. Vondran, Esq. [SBN 232337]
**THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
401 Wilshire Blvd, 12th Floor
Santa Monica, California 90401
Telephone: (877) 276-5084
Facsimile: (888) 551-2252
E-mail: steve@vondranlegal.com

Attorney for Plaintiff: *DR. ELLIOT MCGUCKEN*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DR. ELLIOT MCGUCKEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KATHLEEN F. KELLY an individual, DIGS VACATION RENTALS, LLC., a Limited Liability corporation, a, and DOES 1-10 inclusive.<br><br>Defendant(s) | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR A JURY TRIAL** |

COMES NOW Dr. Elliot McGucken ("Plaintiff"), hereby alleging as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, *17 U.S.C. §101 et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to *28 U.S.C. §1331* (federal question) and *28 U.S.C.§ 1338* (jurisdiction over copyright actions).

3. This Court has personal jurisdiction over Defendants because Defendants

have targeted and caused damage in this jurisdiction the brunt of the infringement injury which can be felt in this jurisdiction.

4.	Defendants also do business within this jurisdiction including in the real estate vacation industry including but not limited to Templeton, California in San Luis Obispo County.

5.	Venue in this judicial district is proper under *28 U.S.C. §1391 et seq.* and in that this is the judicial district in which a substantial part of the acts and/or omissions giving rise to the claims are believed to have occurred and where personal jurisdiction otherwise exists as Defendant's activities injured Plaintiff in this jurisdiction.

## PARTIES

6.	Plaintiff Elliot McGucken ("McGucken or "Plaintiff") is a professional photographer and author residing in Los Angeles, California. He does not sell his images on stock art websites but rather, maintains a fine art photography brand. He has sold his fine art for thousands of dollars and his work has appeared on the cover of Nikon magazine and in other photo-related publications. He routinely provides artwork to U.C.L.A. medical center. He also sells photography books which can be found on Amazon.com. His art and entrepreneurship course has been reported in the New York Times.

7.	Defendant KATHLEEN KELLY, ("Defendant" and/or "Defendants" and/or "KELLY") has infringed Plaintiff's copyright causing damage in this jurisdiction and has purposefully availed herself of the benefits and protections of this jurisdiction. KELLY claims to be affiliated with "KATHY KELLY PHOTOGRAPHY" making clear she understands the importance of photographer copyrights and making it all the more willful by claiming (falsely) that she creates her own photos (See **Exhibit "3"**) and being a photographer herself – by providing HER OWN COPYRIGHT MANAGEMENT INFORMATION at the bottom of her web pages, one of which contained Plaintiff's

copyrighted image, making no mention of the true owner of the work.

8. According to her LinkedIn: *Kathy Kelly Photography is a division of Kathy Kelly Productions, Inc. which grew out of the need to provide high-quality stills for clients' websites and social media campaigns. In addition to web photos, I shoot stills for print ads, PR, collateral and wall art.* Thus, Defendant cannot play coy to copyrights and cannot use Plaintiff's photos as her own.

9. Defendant DIGS VACATION RENTALS, ("DIGS" and/or "DEFENDANT") is a company that holds itself out as a real estate "property management" company believed to be doing business in this jurisdiction and is responsible for the willful infringement of Plaintiff's copyrighted photograph. Defendant KELLY is believed to be employed by DIGS and/or under their control and supervision or is involved in an ownership level in the company. **At this time, it was not able to be verified that KELLY has a proper real estate license, or that DIGS is properly licensed as a real estate property management company in the State of California which would be required if - as they state - they will manage your real estate property for you. Real estate agents are also required to display their real estate license on all business websites and advertising / promotional materials. There is no indication of licensing on her website. If true, this is an illegal vacation rental operation that infringes intellectual property rights.**

10. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and, on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged

3
COMPLAINT

1  herein, "Defendant" shall mean all named Defendants, and all fictitiously named
2  Defendants.
3      11.    For purposes of this Complaint, unless otherwise indicated, "Defendant"
4  includes all agents, employees' officers, members, directors, heirs, successors, assigns,
5  principals, trustees, sureties, subrogates, representatives and, insurers of Defendants
6  named in this caption.

## FACTUAL ALLEGATIONS

    12.    Plaintiff incorporates the allegations above as if alleged herein.

    13.    Plaintiff is a fine art photographer and author and has a Ph.D. in physics. He does not sell his photographs via any "*stock images*" websites (like Getty or IstockPhoto) and instead is in the business of building a fine art brand with exquisite photos that are subject to widespread infringement requiring an ongoing enforcement effort. A simple review of Plaintiff's art makes clear this is a unique art brand, that is unfortunately, subject to widespread infringement, especially by real estate companies who try to capitalize financially off his fine photographs.

    14.    Much time and financial risk goes into each shoot including photography and equipment expense, travel costs and other costs and Plaintiff bears these costs in building his brand. If people misappropriate and infringe his works, this makes it all the more difficult to maintain control over his brand.

    15.    Many persons incorrectly believe they can simply download and use his images, without authorization, for their own commercial uses without paying for a proper license. This is not the case.

    16.    Defendants have not paid for any licenses and had no consent to use any of Plaintiff's photos on any of their social media or commercial websites.

    17.    Plaintiff is the sole author and rights holder to the original photograph(s) that were *willfully infringed* by Defendants" s) (the "Image(s)"), a true and correct copy

of the United States Copyright Registration is attached hereto as **Exhibit "A"** registration number VA0002226607.

18. Defendants have unlawfully copied and/or reproduced and/or publicly displayed Plaintiff's Image, without consent or authorization commercially capitalizing of Plaintiff's copyrighted Work(s) and in a manner that dilutes the value of his work.

19. Plaintiff discovered the Image being used on Defendant's Website and demanded that the photo(s) images be taken down and any proof of licensing be provided (see **Exhibit "B"** for use of the photo)

20. Plaintiff has never authorized the Defendant(s) to use the Image in any manner whatsoever, and no license is known to exist.

21. On information and belief, the Defendants knew they did not have permission to use the Image on the Website for commercial purposes, and willfully infringed Plaintiff's Image by consciously failing to obtain a proper commercial license and in reckless disregard of the rights of the photographer.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### *[Against All Defendants]*

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint and all Exhibits as though fully stated herein.

23. Plaintiff is informed and believes and thereon alleges that the Defendants willfully violated the exclusive rights of Plaintiff original copyrighted work and infringed upon Plaintiff's copyrighted Image in violation of *Title 17 of the U.S. Code*, in that it used, published, communicated, posted, distributed, and/or otherwise held out to the public for commercial benefit, the original and unique Image of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing manner on Defendant's Website.

24. Defendants are a real estate property management company that claims to manage vacation rentals for third parties.

25. Where licensed activities are conducted, a broker is required to oversee and supervise all licensed real estate activity including advertising and to ensure all legal compliance issues are met. The brokerage (if any) has failed here, aiding, abetting, and directly infringing Plaintiff's copyrighted work.

26. Plaintiff did not consent to, authorize, permit, or otherwise allow, in any manner, Defendant's said use of Plaintiff's unique and original Image including for any reproduction, distribution, or public display on any of Plaintiff's websites.

27. Defendants willfully violated Plaintiff's exclusive rights to his Copyrights in regard to:

(a) the exclusive right to **reproduce** its Works in Copies in violation of *17 U.S.C. §106(1) and §501*

(b) **distribute copies** of the Works to the public in violation of *17 U.S.C. §106(3) and §501*

(c) **publicly displaying** the copyrighted *Works in violation of 17 U.S.C. §106(5) and §105* by showing individual images of the Works.

28. Thus, they intentionally infringed, and acted in complete disregard of Plaintiff's exclusive rights which, by law, Defendants are presumed to know and must comply with, and even more so claiming to be a photographer.

29. Defendants committed infringements "*willfully*" within the meaning of *17 U.S.C. §504(c)2*.

30. As a result of Defendants' willful violations of *Title 17 of the U.S. Code*, Plaintiff is entitled to any actual damages pursuant to *17 U.S.C. §504(b)*, or statutory damages in an amount from $30,000 up to $150,000.00 per infringement pursuant to *17 U.S.C§ 504(c)*.

31. As a result of the Defendants' violations of *Title 17 of the U.S. Code*, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to *17 U.S.C § 505*. Plaintiff seeks costs and reasonable attorney fees.

32. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to *17 U.S.C. § 502* to prevent Defendant and/or their agents, representatives, successors, assigns, contractors and others from engaging in future acts of infringement of Plaintiff's valuable copyrighted works.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

- For an award of actual damages and disgorgement of all of Defendants profits attributable to the infringement as provided by *17 U.S.C. §504* in an amount to be proven at trial, or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants in an amount from $30,000 up to $150,000.00 for each willful infringement pursuant to *17 U.S.C. §504(c),* whichever is larger;

- For an order pursuant to *17 U.S.C. §502(a)* enjoining Defendants from any further infringing use of any of Plaintiff's Image;

- For costs of litigation and reasonable attorney's fees against Defendants pursuant to *17 U.S.C. §505*;

- For an award of pre- and post-judgment interest; and

- For any other relief the Court deems just and proper.

- Plaintiff hereby demands a jury trial

Respectfully Submitted,

DATED: JANUARY 31, 2022

**THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.**


By:  /s/ Steven C. Vondran, Esq.
Steven C. Vondran, [SBN 232337]
ATTORNEY FOR PLAINTIFF
DR. ELLIOT MCGUCKEN
401 Wilshire Blvd, 12th Floor
Santa Monica, California  90401
Telephone: (877) 276-5084
Facsimile: (888) 551-2252
E-mail:  steve@vondranlegal.com